No. 802 September 10, 2025 321

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRANDON JAMES STEVENS,
*Defendant-Appellant.*

Washington County Circuit Court
22CR02260; A180572

Andrew Erwin, Judge.

Submitted October 15, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Aoyagi, Judge, and Hellman, Judge.*

ORTEGA, P. J.

Conviction for criminal mistreatment reversed; remanded for resentencing; otherwise affirmed.

_____
  * Aoyagi, J., *vice* Mooney, S. J.

**ORTEGA, P. J.**

Defendant appeals a judgment convicting him of first-degree assault, third-degree assault, and first-degree criminal mistreatment, ORS 163.205(1)(a). The assault charges were based on injuries defendant inflicted on T, the 18-month-old child of the woman defendant was living with. T's mother noticed that T was injured after defendant had been caring for him. She and defendant took T to the hospital where he was diagnosed with and treated for serious internal injuries, including a lacerated liver, a severed pancreas, and a fractured rib, as well as an injury to his scrotum. A urinalysis obtained during that hospital encounter revealed that T had methamphetamine in his system. That gave rise to the first-degree criminal mistreatment charge against defendant.

On appeal, defendant challenges only the conviction for criminal mistreatment, arguing that the trial court erred by denying his motion for judgment of acquittal on that count. Specifically, defendant contends that evidence of T's positive methamphetamine test, along with defendant's admission that he had used methamphetamine several times in the week leading up to T's hospitalization while he was caring for T, is not sufficient to permit a finding that defendant deprived T of conditions necessary and adequate for T's health and safety—that is, that he withheld physical care from T rather than created an environmental risk to him. We agree, and reverse defendant's criminal mistreatment conviction.

We review the denial of a motion for judgment of acquittal for legal error, viewing the evidence, as well as reasonable inferences and credibility choices, in the light most favorable to the state to determine whether a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). ORS 163.205, as relevant to the way it was charged in the indictment, provides:

"(1)   A person commits the crime of criminal mistreatment in the first degree if:

"(a)   The person, in violation of a legal duty to provide care for another person, or having assumed the permanent or temporary care, custody or responsibility for the supervision of another person, intentionally or knowingly *withholds necessary and adequate* food, *physical care* or medical attention from that other person[.]"

(Emphases added.)

The evidence at trial was largely undisputed. Defendant provided daily childcare for T during the week before T was hospitalized, while T's mother was at work. Defendant smoked methamphetamine several times while he was caring for T during that week. T tested positive for methamphetamine while being evaluated at the hospital for injuries caused by blunt force trauma. Dr. Danny Leonhardt, a pediatrician specializing in child abuse cases, testified that the level of methamphetamine in T's system was consistent with environmental exposure to methamphetamine smoke and that any amount of methamphetamine in a child's system is "not good" and can "affect a child's health."

Defendant moved for a judgment of acquittal on the criminal mistreatment charge after the close of the evidence. He argued that the state's theory of that offense, that defendant withheld necessary care from T by exposing him to methamphetamine, was not a cognizable theory under the statute, and that exposing T to methamphetamine did not constitute withholding care. The court denied the motion and convicted defendant on all three charges.

On appeal, defendant renews his argument that ORS 163.205(1)(a) does not encompass defendant's conduct because it presented only a future risk of harm. He bases his argument on *State v. Baker-Krofft*, in which the Supreme Court analyzed what it means to withhold necessary and adequate physical care under that statute and explained that "a defendant withholds physical care from a dependent person when the defendant keeps back from the dependent person those physical services and attention that are necessary to provide for the dependent person's bodily needs." 348 Or 655, 661-62, 239 P3d 226 (2010). The court held that the statute "prohibits a present deprivation of services or attention" but that it does not encompass "creating a risk of

future harm." *Id.* at 663. We agree with defendant that the facts in this case involve creating a risk of future harm outside the scope of liability under the criminal mistreatment statute.

*Baker-Krofft* involved two consolidated cases. In both cases, criminal mistreatment charges were based on homes that were dirty, cluttered, and potentially hazardous. In *Baker-Krofft*, the defendant's house "posed specific fire hazards (such as a space heater sitting on a pile of straw in a chicken coop in the backyard), did not contain working fire alarms, and was so full of clutter that it would have been difficult to escape from any fire." *Id.* at 658. In *State v. McCants/Walker*, 231 Or App 570, 573, 220 P3d 436 (2009), *rev'd sub nom State v. Baker-Krofft*, 348 Or 655, 239 P3d 226 (2010), the defendants' house was "filled with debris, which included some small items on the floor that posed a potential choking hazard to the young children who lived in the home." *Baker-Krofft*, 348 Or at 658.

In rejecting the conclusion that such conditions created criminal liability for criminal mistreatment, the Supreme Court concluded that there was "no evidence from which a reasonable trier of fact could infer that the defendant[s] *** had withheld from [their children] some physical service necessary to provide for the child[ren]'s bodily needs, nor was there any evidence that [the] defendant[s] failed to protect [their children] from an immediate harm." *Id.* at 667. The court also noted that nowhere did the legislative history mention creating or failing to correct environmental dangers. *Id.* at 662-63. Instead, the statute focuses on a person's withholding of services necessary to maintain a dependent person's bodily health. *Id.* at 667 n 5. As we have explained, the state may not phrase affirmative physical mistreatment in the negative to circumvent that limitation. *See State v. Kaylor*, 252 Or App 688, 694-95, 289 P3d 290 (2012), *rev den*, 353 Or 428 (2013) (holding that suffocating a dependent, or refusing to stop suffocating them, is not "withholding" physical care).

In arguing that the record here is sufficient to support a criminal mistreatment conviction, the state invokes our opinion in *State v. Burciaga*, 263 Or App 440, 328 P3d

782 (2014), where we affirmed a criminal mistreatment conviction that was based on the defendant leaving her children with a person who had previously been convicted of abusing one of them. We held that the state had

> "presented legally sufficient evidence that [the] defendant withheld necessary and adequate physical care from her children. Specifically, the state presented evidence that [the] defendant withheld essential attention from them—attention that she had a legal duty to provide and that, under the circumstances, was necessary to provide for their basic bodily needs, indeed, for their survival."

*Id.* at 449. The mother in that case withheld her "attention" by leaving the children with an extremely dangerous person who presented an extreme and immediate risk that had already materialized. The record here that any amount of exposure to methamphetamine is "not good" and can "affect a child's health" represents a more speculative future risk than the immediate risk at issue in *Burciaga*.

Here, the state's evidence was insufficient to show that defendant deprived T of necessary and adequate physical care through exposure to methamphetamine. The state did not present evidence that T's exposure to methamphetamine placed him at imminent risk of serious physical injury or pain, long-term harm, or death. As in *Baker-Krofft* and *McCants/Walker*, where exposure to fire and choking hazards was insufficient, defendant's failure to correct environmental hazards in the home—though certainly serious and likely actionable in other ways—is insufficient to demonstrate that defendant withheld physical care that comes within the meaning of ORS 163.205. At most, the state's evidence showed that T was exposed to the risk of nonspecific future harm from environmental hazards—exactly the sort of harm held to be insufficient in *Baker-Krofft* and its progeny. Therefore, the trial court erred in rejecting defendant's motion for judgment of acquittal as to the criminal mistreatment charge.

Conviction for criminal mistreatment reversed; remanded for resentencing; otherwise affirmed.